1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY, | ) 1:13cv00115 LJO DLB PC |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| vs. | ) |
| | ) THIRTY DAY DEADLINE |
| LT. J. ZARAGOZA, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Matthew James Dury ("Plaintiff"), a federal prisoner proceeding pro se[1] and in forma pauperis, filed this civil action on January 25, 2013, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. He names Lt. J. Zaragoza as the sole Defendant.

## A.    <u>LEGAL STANDARD</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] On July 9, 2013, the Court determined that Plaintiff had accrued three strikes within the meaning of 28 U.S.C. § 1915(g) and could not proceed in forma pauperis.  The instant action, however, was filed prior to this determination.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

2

<u>Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the United States Penitentiary, Atwater.

Plaintiff alleges that on "November 14, 2012 at 2:31:56 P.M. PST, Case Number 1:12-cv-01858 AWI BAM (PC) was filed and served electronically to Lt. J. Zaragoza."  Compl. 2.  On November 15, 2012, just prior to lunch, Plaintiff alleges that Defendant Zaragoza, in retaliation for filing of 1:12-cv-1858, ordered staff to physically assault Plaintiff and take his legal material. Plaintiff states that he was in his cell, alone, at the time of the assault, and that he was left in handcuffs, chains and shackles all day.

Based on these facts, Plaintiff alleges retaliation in violation of the First Amendment by Defendant Zaragoza.

**C.    DISCUSSION**

As explained above, Rule 8 requires a Plaintiff to set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).

Plaintiff's allegations, however, are not plausible on their face.  Plaintiff alleges that November 14, 2012 at 2:31:56 P.M. PST, Case Number 1:12-cv-01858 AWI BAM (PC) **was filed and served electronically to Lt. J. Zaragoza**."  Compl. 2 (emphasis added).  It is this supposed service on Defendant Zaragoza that resulted in the alleged retaliation.

Plaintiff's statement, however, is not plausible.  The docket for 1:12-cv-01858 AWI BAM (PC), <u>Dury v. Zaragoza</u>, shows that the action was indeed entered into the Court's system on November 14, 2012, at 2:31 p.m.  However, it was NOT, as Plaintiff contends, "served electronically to Lt. J. Zaragoza."  As Plaintiff knows, complaints must be screened prior to any

service on a defendant.  As of the date of these Findings and Recommendations, the complaint has not been screened and service on Lt. Zaragoza has not been initiated.

Contrary to Plaintiff's contention, therefore, the complaint was not electronically served on Defendant Zaragoza on November 14, 2013. This undermines the basis for his retaliation claim.

The Court will permit Plaintiff one opportunity to amend**. However, Plaintiff should only amend if he can, in good faith, allege a First Amendment Claim for retaliation.  In this regard, Plaintiff is reminded of his obligation under Federal Rule of Civil Procedure 11**. "Rule 11 is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." Truesdell v. Southern California Permanente Medical Group, 209 F.R.D. 169, 173-174 (C.D.Cal.2002) [emphasis added]. If the Court suspects a violation of Rule 11, it can impose sanctions sua sponte. Foster v. Wilson, 504 F.3d 1046, 1053 (9th Cir.2007).

**D.** **CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff's complaint fails to state a claim against Defendant Zaragoza.  Plaintiff will be permitted to amend his complaint, though he must follow the guidelines above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to

raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 12, 2013**                    /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE