1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9

10

11 MATTHEW JAMES DURY,

12            Plaintiff,

13      vs.

14 LT. J. ZARAGOZA,

15            Defendants.

16

)  1:13cv00115 LJO DLB PC
)
)  **ORDER DIRECTING PLAINTIFF TO**
)  **FILE AMENDED COMPLAINT OR**
)  **NOTIFY COURT OF HIS WILLINGNESS**
)  **TO PROCEED ONLY ON COGNIZABLE**
)  **CLAIM**
)
)  **THIRTY-DAY DEADLINE**
)

17        Plaintiff Matthew James Dury ("Plaintiff"), a federal prisoner proceeding pro se[1] and in

18 forma pauperis, filed this civil action on January 25, 2013, pursuant to Bivens v. Six Unknown

19 Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy

20 for violation of civil rights by federal actors.

21        Pursuant to Court order, he filed a First Amended Complaint ("FAC") on October 15,

22 2013.  He names Lt. J. Zaragoza as the sole Defendant.

23 **A.      LEGAL STANDARD**

24        The Court is required to screen complaints brought by prisoners seeking relief against a

25 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

26

27

28
_____
[1] On July 9, 2013, the Court determined that Plaintiff had accrued three strikes within the meaning of 28 U.S.C. §
1915(g) and could not proceed in forma pauperis.  The instant action, however, was filed prior to this determination.

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the United States Penitentiary in Marion, Illinois. The events at issue occurred while Plaintiff was incarcerated at the United States Penitentiary in Atwater, California.

Plaintiff alleges that Defendant Zaragoza seized all of his legal documents material "less than 24 hours after the Bureau of Prisons Regional Counsel and Litigation Coordinator on Document 1 of case #1:12-cv-01848 BAM (PC) was notified electronically at 2:33 p.m. on 11/14/2012." FAC 3.  Plaintiff contends that this violates the First Amendment.

Plaintiff further alleges that on November 15, 2012, Defendant Zaragoza ordered guards in riot gear to storm his cell, beat him to semi-unconsciousness and chain him up.  At the time, Plaintiff contends that he was not a threat to guards and was alone in his locked cell.  He states that he has not seen a doctor for the injuries sustained and contends that a Physician's Assistant is "not a physician." FAC 3.  Plaintiff contends that this violates the Eighth Amendment.

**C.      DISCUSSION**

      1.      First Amendment- Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a [government] actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

1

2    In order to state a claim, a plaintiff must allege specific facts demonstrating that a

3    defendant took an adverse act because of plaintiff's First Amendment activity.  The plaintiff's

4    protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's

5    conduct."  Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d

6    1310, 1314 (9th Cir.1989).

7         Though not expressly stated, Plaintiff implies that Defendant Zaragoza took his legal

8    materials in retaliation for filing an action in this Court.  However, Plaintiff fails to sufficiently

9    allege that Defendant Zaragoza took the actions *because of* the action he filed.

10        In his original complaint, Plaintiff alleged that Defendant Zaragoza retaliated against him

11   a day after "Case Number 1:12-cv-01858 AWI BAM (PC) was filed and served electronically to

12   Lt. J. Zaragoza."  However, the Court explained that this was not plausible because the action

13   was not served on Defendant at the time it was filed.  Instead, complaints must first be screened

14   to determine whether it states a claim.  At the time Plaintiff alleges that the notice of the action

15   was served on Defendant, the complaint had not been screened and service on Lt. Zaragoza had

16   not been initiated.  The Court found that this undermined the basis for his retaliation claim.

17        Plaintiff now implies that Defendant knew of the complaint because it was served

18   electronically on the Bureau of Prisons Regional Counsel and the Litigation Coordinator at

19   Atwater the day before the alleged incidents.  However, Plaintiff fails to allege any facts to

20   support his assumption.  He does not state that anyone with knowledge of the complaint told

21   Defendant about the initiation of the action, nor does he even allege that Defendant knew of the

22   action.

23

24        Accordingly, Plaintiff has failed to show that the complaint in 1:12-cv-01858 AWI BAM

25   (PC) was the substantial or motivating factor behind Defendant's alleged actions.  He therefore

26   fails to state a retaliation claim under the First Amendment.

27

28

4

2.      Eighth Amendment- Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual

Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct.

995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the

issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175,

1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted);

Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth

Amendment claim is contextual and responsive to contemporary standards of decency, Hudson,

503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do

not violate the Constitution, the malicious and sadistic use of force to cause harm always violates

contemporary standards of decency, regardless of whether or not significant injury is evident,

Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks

omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff alleges that Defendant Zaragoza ordered other guards to storm his cell, beat him

and chain him up.  He contends that he was alone in his cell and that he was not a threat to the

guards.  Viewed liberally, this is sufficient to state an Eighth Amendment excessive force claim

against Defendant Zamora.

3.      Eighth Amendment- Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to

medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th

Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating

that failure to treat [his] condition could result in further significant injury or the unnecessary and

wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that he did not see a doctor for his injuries after the assault. He further states that a Physician's Assistant is not a doctor. Plaintiff's claim, however, fails for several reasons. First, there is no indication that Defendant Zaragoza, the sole Defendant, is in any way linked to Plaintiff's medical treatment after the assault.

Second, Plaintiff does not appear to allege that he did not receive *any* treatment. Rather, based on his statement that a Physician's Assistant is not a doctor, it seems that Plaintiff saw a Physician's Assistant but would rather have seen a doctor. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Accordingly, Plaintiff fails to state a claim for deliberate indifference to a serious medical need under the Eighth Amendment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.      CONCLUSION AND ORDER**

Plaintiff's Complaint states a cognizable claim against Defendant Zaragoza for violation of the Eighth Amendment.  It does not state any other claims against any other claims.  Plaintiff may either (1) proceed on his cognizable claim, identified above, or (2) file an amended complaint curing the deficiencies identified in this order.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

If Plaintiff is willing to proceed on his cognizable claim, he may notify the Court in writing.  The Court will then dismiss Plaintiff's other claims and provide Plaintiff with further instructions regarding service of a summons and the complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff must either:

a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

b.      Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claim identified above.

7

3.      <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:    **March 14, 2014**                          /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE