# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY,<br><br>        Plaintiff,<br><br>   vs.<br><br>ZARAGOZA,<br><br>        Defendant. | )  1:13cv00115 LJO DLB PC<br>)<br>)  **FINDINGS AND RECOMMENDATIONS**<br>)  **REGARDING DISMISSAL OF ACTION**<br>)  **FOR FAILURE TO PROSECUTE**<br>)<br>)  **FIFTEEN-DAY DEADLINE**<br>)<br>)<br>) |

Plaintiff Matthew James Dury ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on January 25, 2013, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.[1]

Pursuant to Court order, he filed a First Amended Complaint ("FAC") on October 15, 2013. On March 14, 2014, the Court screened the FAC and ordered Plaintiff to file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim within thirty (30) days.

---

[1] On July 9, 2013, the Court determined that Plaintiff had accrued three strikes within the meaning of 28 U.S.C. § 1915(g) and could not proceed in forma pauperis. The instant action, however, was filed prior to this determination.

1

On May 5, 2014, after thirty (30) days had passed and Plaintiff had not complied with the order, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute. Plaintiff was ordered to file a response within thirty (30) days. Over thirty (30) days have passed, but Plaintiff has failed to file a response or otherwise contact the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since January 25, 2013, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. Furthermore, Defendants are necessarily prejudiced when an action against them is pending and is not moving forward.

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. at 1228.

Finally, Plaintiff was warned in the order to show cause that dismissal would result if he failed to file a response.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS DISMISSAL of this action based on Plaintiff's failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within FIFTEEN (15) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 18, 2014**                                      /s/ Dennis L. Beck
                                                                                   UNITED STATES MAGISTRATE JUDGE